Kenneth K. Lay
CROWLEY FLECK PLLP
100 North Park Ave., Suite 300
P.O. Box 797
Helena, MT  59624-0797
(406) 449-4165
(406) 449-5149 facsimile
klay@crowleyfleck.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| THOMAS RASMUSSEN, | ) | Case No. CV-12-157-H-DLC-RKS |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **JOINT DISCOVERY PLAN** |
| BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP, RECON TRUST COMPANY, N.A., | ) | |
| Defendants. | ) | |

Pursuant to this Court's Order dated June 21, 2012, the Plaintiff, appearing *pro se*, and counsel for the Defendants conferred on July 25, 2012, to discuss those matters contained in F.R.Civ.P. 26(f).  Defendants' counsel files this discovery plan as a result of that conference.

**A.     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

1. Initial disclosures under Fed.R.Civ.P. 26(a) shall be made in the form prescribed in Fed.R.Civ.P. 26(a)(4), and according to the requirements of Fed.R.Civ.P. 26(a) on or before September 15, 2012.

2. Expert disclosures under Fed.R.Civ.P. 26(a)(2) shall be made in the form prescribed in Fed.R.Civ.P. 26(a)(4), and according to the requirements of Fed.R.Civ.P. 26(a)(2) as follows:

    i. Plaintiff's disclosure of liability and damage experts on or before December 9, 2012.

    ii. Defendant's disclosure of liability and damage experts on or before December 9, 2012.

    iii. Rebuttal experts, if any, will be disclosed in accordance with Rule 26(b)(2)(C)(ii), Fed.R.Civ.P.

3. Pretrial disclosures under Fed.R.Civ.P. 26(a)(3) shall be made in the form prescribed in Fed.R.Civ.P. 26(a)(4), and according to the requirements of Fed.R.Civ.P. 26(a)(3) in accordance with the date set in the Court's Scheduling Order.

//

//

B.  **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

    1.  Discovery should be allowed on any subject relevant to any claim or defense asserted by a party, or any subject reasonably calculated to lead to the discovery of admissible evidence.

    2.  Discovery shall be completed on or before April 15, 2013.

    3.  Discovery should not be conducted in phases or limited to or focused upon any particular issue.

C.  **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

    1.  The parties do not anticipate any issues with respect to electronically stored information.  To the extent electronically-stored information is subject to discovery, the parties agree that it may be printed and served in hard copy unless other suitable arrangements are made between the parties.

D.  **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order:**

    1.  The parties are unaware of any issues with respect to claims of privilege or protection as trial-preparation materials at this time.  Should such issues arise, the parties shall utilize the procedures outlined in F.R.Civ.P. 26(b)(5).

E.    **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

No change should be made to the scope of discovery permitted under

Fed.R.Civ.P. 26(b)(1).

F.    **Any other orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c):**

At this time, the parties request no special procedures or orders.

DATED this 1st day of August, 2012.

                            CROWLEY FLECK PLLP

                            /s/ Kenneth K. Lay
                            Kenneth K. Lay
                            CROWLEY FLECK PLLP
                            P.O. Box 797
                            Helena, MT  59624
                            Attorneys for Defendants

5

## **CERTIFICATE OF SERVICE**

      I, Kenneth K. Lay, one of the attorneys for the law firm of Crowley Fleck PLLP, hereby certify that on August 1, 2012, I mailed a true and correct copy of the foregoing document, postage prepaid, to the following:

Thomas Rasmussen
1956 Colorado Gulch
Helena, MT 59601

                                                /s/ Kenneth K. Lay
                                                Kenneth K. Lay