Thomas Rasmussen
Plaintiff – Pro Se
1956 Colorado Gulch
Helena, Montana 59601
(406) 443-2588

FILED

AUG 15 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, HELENA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

THOMAS RASMUSSEN

      Plaintiff,

v.

BANK OF AMERICA, N.A.,

      Defendant.

Case No.: CV-12-57-H-DLC-RKS

PLAINTIFF'S PRELIMINARY
PRETRIAL STATEMENT

---

      THOMAS RASMUSSEN, Plaintiff, hereby files the following Preliminary Pretrial Statement pursuant to Local Rule 16.2(b)(1) and the Court's Order dated June 21, 2012. Plaintiff has submitted a Qualified Written Request to Defendant under 12 U.S.C. § 2605(e)(b)(i) but has not yet received the requested documents. Plaintiff therefore reserves the right to amend his statements:

### FACTS

      On May 19, 2005 Plaintiff entered into a loan agreement with America's Wholesale Lender ("AWL"). AWL was an affiliated entity with Countrywide

Home Loans. Countrywide used entities like AWL to underwrite high risk loans to eliminate risk from its balance sheet. These loans were not high risk because of the borrowers themselves, they were high risk because the loans were designed for short-term profitability. To maximize this profitability terms were built in to the loans that made it difficult for these borrowers to obtain refinancing.

Mr. Rasmussen's loan was written such that Mr. Rasmussen would make monthly payments for almost thirty years without ever reducing the principal value of the loan. Mr. Rasmussen would then be required to make a final balloon payment of $229,163.75 to discharge the loan. Specifically, Mr. Rasmussen's loan called for a 6.125% initial interest rate on a $228,000 loan. His disclosed monthly payment obligation on this Note was $1,163.75. The adjustable rate feature of Mr. Rasmussen's Note afforded the lender the opportunity to accelerate the rate of interest up to a maximum of 11.125%.

Excessive compensation was paid to the originators of Mr. Rasmussen's loan. The additional costs and fees were such that it served to qualify Mr. Rasmussen's loan as a HOEPA (Home Owner Equity Protection Act) loan. There are additional disclosures required for these types of loans that were never provided to Mr. Rasmussen. The failure to provide the referenced disclosures can result in statutory penalties and actual damages that may result in the inability of the lender to charge interest on the subject loan. In the instant case the inability to

charge interest would negate any argument by Defendant that Mr. Rasmussen was in default as nearly the entirety of the thirty year obligation was interest.

Plaintiff has additionally alleged that the non-judicial foreclosure sale conducted by Defendants was void and invalid because proper procedures were not followed and the property was sold below market value.

## I.   Declaratory Relief

Plaintiff was not provided with notice of the acceleration of his debt in accordance with the terms and conditions of his loan agreement. Plaintiff was not provided with the required notice of foreclosure sale. Defendants violated the proscriptions of MCA §§ 71-1-313, and 71-1-315.

## II.   Truth In Lending Act

Defendants violated the provisions of 15 U.S.C. § 1601 et seq. when they failed to provide Plaintiff with the required disclosures at closing. Defendant violated the provisions of 15 U.S.C. § 1639 when they failed to provide Plaintiff with the required HOEPA ("Home Owner Equity Protection Act") disclosures. Plaintiff's loan was a HOEPA qualifying loan because his settlement charges, points and fees exceeded eight percent (8%) of the principal balance of the loan. Defendants violated the provisions of 15 U.S.C. § 1601 et seq. when they provided false and misleading information to Plaintiff regarding his foreclosure.

### III. Breach Of Contract

Under ¶ 22 of the Deed of Trust (Defendant's Ex. A) Plaintiff was entitled to thirty (30) days written notice of default and opportunity to cure. Defendant never provided this required written notice outlining and explaining the alleged default and providing an opportunity to cure. Plaintiff's loan was originated with AWL, assigned to Countrywide Home Loans as servicer and subsequently assigned to BAC Home Loans and Bank of America. During that time Plaintiff was not provided with notice of any of the assignments or as to which party was responsible for the servicing of his loan. Plaintiff's questions regarding the increased monthly payment obligations and the potential for default of his loan were unanswered during this transitional period.

When BAC finally identified itself as the Servicer of Plaintiff's loan they additionally advised that Plaintiff's that his loan had been referred to attorneys for foreclosure. Defendants breached their contract with Plaintiff by failing to provide him adequate notice, opportunity to cure, and by failing to provide him with accurate information to maintain his loan performance.

### IV. Unfair And Deceptive Trade Practices

Plaintiff hereby restates all prior and subsequent allegations as though incorporated herein. Defendants violated the proscription of §§ 30-14-103, 104 and is liable to Plaintiff under §30-14-133 of MCA.

I HEREBY CERTIFY that a true and complete copy of the foregoing was provided to each Defendant on the date of the verification hereof, in compliance with Montana Code Annotated § 27-19-301 and Rule 4 of the Federal Rules of Civil Procedure.

## VERIFICATION

**State of Montana** )
:ss
**County of Lewis and Clark** )

Thomas Rasmussen, being first duly sworn, upon oath, deposes and says as follows: I am a Plaintiff in the above action. I have read the foregoing and I know the contents thereof. The same is true of my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Lewis and Clark County, MT.

_____
Thomas Rasmussen
(406) 443-2588

Signed and sworn to (or affirmed) before me this  15  day of August, 2012.

_____
(Signature of notary)

Seal 

Dana J. David
(Printed name of notary public)

My commission expires: May 16 2014