IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| THOMAS RASMUSSEN,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP, and RECONTRUST COMPANY, N.A.,<br><br>Defendants. | CV-12-57-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS |
|---|---|

## **Synopsis**

The claims presented in Thomas Rasmussen's original Complaint are moot or barred by the statute of limitations. His Complaint should be dismissed for failure to state a claim. Leave to amend the Complaint should be denied, as amendment would be futile.

## **Jurisdiction**

Thomas Rasmussen filed his complaint in Montana District Court. C.D.1. Invoking 28 U.S.C. § 1441, Defendant Bank of America, N.A. ("BANA"), removed the action to the United States District Court for the District of Montana, Helena Division, alleging federal question jurisdiction under 28 U.S.C. § 1331.

-1-

C.D. 1, p.2. The case was assigned to the Hon. Judge Dana L. Christensen, who referred it to this court via 28 U.S.C. § 636(b)(1) and L.R. 73.1., to conduct pretrial matters and to submit proposed findings of fact and recommend a disposition on dispositive motions. C.D. 13.

## Status

Mr. Rasmussen, proceeding *pro se*, filed a Complaint against Defendant Bank of America, N.A. ("BANA"). The Complaint makes assertions related to a mortgage loan Mr. Rasmussen obtained from BANA and a subsequent foreclosure. C.D. 1. Mr. Rasmussen seeks injunctive relief. C.D. 1. BANA moved to dismiss Plaintiff's Complaint for failure to state a claim. C.D. 4. Mr. Rasmussen has not replied to the Motion to Dismiss. The 21-day time limit to do so expired on July 6, 2012. L.R. 7.1(B).

Mr. Rasmussen sought a Temporary Restraining Order, restating the request for injunctive relief included in his Complaint. C.D. 10. Judge Christensen denied the motion. C.D. 11. The Order noted that Mr. Rasmussen had not produced the notices that he alleges are deficient. C.D. 11. Mr. Rasmussen still did not respond to BANA's motion to dismiss; instead he moved for leave to amend his complaint. C.D. 15. Mr. Rasmussen lodged a proposed Amended Complaint to his Motion, but did not support the Motion with a brief. C.D. 15. BANA responded with a brief opposing leave to amend. C.D. 20. Mr. Rasmussen did not reply to the BANA's opposition. The 14-day time limit to do so expired on August 17, 2012. L.R. 7.1(d)(C).

## Pending Motions and Standard for Decision

Now ripe for disposition are BANA's Motion to Dismiss, C.D. 4, and Mr. Rasmussen's Motion for Leave to Amend, C.D. 15.

**Motion to dismiss**

Fed. R. Civ. P. 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Failure to file a response brief may be deemed an admission that a motion is well-taken. L.R. 7.1(d)(B). Nevertheless, the Court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

**Motion for leave to amend**

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court may dismiss a complaint without granting leave to amend where a plaintiff's proposed amendments would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011). Leave to amend need not be given if a complaint, as amended, would be subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987). "Unless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v.

Dep't of Corr., 66 F.3d 245, 248 (9th Cir.1995).

## Facts

Mr. Rasmussen and his wife obtained a mortgage loan from America's Wholesale Lender on May 19, 2005. C.D. 1, p. 2. They used the $228,000 loan to buy real property in Helena, MT, which they used as their principal residence. Id.; C.D. 5, p. 3. The loan was secured by a Deed of Trust. C.D. 5, p.3. BANA is the successor in interest to the Deed of Trust. Id. The Rasmussens defaulted on the loan in 2009. Id. BANA sold the property at a foreclosure sale on March 9, 2012. Id. The record does not reflect that Mr. Rasmussen has vacated the home, nor has Mr. Rasmussen suggested in the pleadings that he did not default on his loan or that he has attempted to cure the default. Id. Mrs. Rasmussen is not a party to this action. C.D.1. She does not appear to challenge the foreclosure proceedings. The effect of her absence need not be analyzed, as this action should be dismissed on other grounds.

## Analysis

**Motion to Dismiss Complaint**

Mr. Rasmussen's Complaint seeks to enjoin BANA from foreclosing on his interest in property at 1956 Colorado Gulch, Helena, Montana. Construed liberally, the Complaint also may attempt to allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.*; violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; and state law claims of negligence and fraud. BANA moved to dismiss the Complaint. C.D. 4.

After filing the Complaint, Mr. Rasmussen – without responding to the Motion to Dismiss – filed a separate Motion for Temporary Injunction, seeking to prevent BANA from taking further steps in foreclosing on the mortgage. C.D. 10. The district court denied the motion, in part because the foreclosure was already

complete and therefore impossible to enjoin.  C.D. 11.  The foreclosure remains complete; an injunction preventing foreclosure remains impossible.  The portion of Mr. Rasmussen's Complaint seeking an injunction should be finally dismissed as moot.

The remaining allegations fail under the relevant statutes of limitation.  TILA requires any action to be brought within one year of the date of the alleged occurrence.  15 U.S.C. § 1640(e).  TILA also permits rescission of a contract for a home loan for failure to disclose.  15 U.S.C. § 1635.  However, this right "completely extinguishes" after three years.  Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998)(citing 15 U.S.C. § 1635(f)).  RESPA requires commencement of an action within three years.  12 U.S.C. § 2614.  Under Montana law the statutes of limitation are two years for fraud, Mont. Code Ann. § 27-2-203, and three years for negligence, MCA § 27-2-204(1).

Mr. Rasmussen and BANA closed on the loan at issue May 19, 2005.  C.D. 1, ¶ 5.  Mr. Rasmussen commenced this action April 23, 2012 – seven years after the alleged violations and nearly four years after the final statute of limitations expired.  C.D.1.  His claims are time-barred.  Mr. Rasmussen's failure to respond to BANA's Motion to Dismiss concedes that the Motion is well taken.  L.R. 7.1(d)(B).  The Complaint should be dismissed.

**Motion for Leave to Amend**

Mr. Rasmussen's Motion for Leave to Amend is not supported by a separately-filed supporting brief.  C.D. 15.  That alone makes denial appropriate under the Local Rules.  L.R. 7.1(d)(i)(A)   The content of the proposed Amended Complaint attached to the Motion makes clear that Mr. Rasmussen's proposed amendments would be futile, as they still would be subject to dismissal for failure to state a claim.  C.D. 15.

Additionally, the proposed Amended Complaint seeks a declaratory judgment that BANA failed to provide him with notice of foreclosure, in violation of the Montana Small Tract Financing Act. C.D. 15, ¶¶ 25, 26, 29. The proposed Amended Complaint also attempts to present causes of action for violation of the Truth in Lending Act, Breach of Contract, and Unfair and Deceptive Trade Practices. C.D. 15, ¶¶ 31-43. As set forth below, none of the proposed amendments state a viable claim. Leave to amend should therefore be denied. Moore, 885 F.2d at 538.

### A. Unfair Trade Practices

Mr. Rasmussen states conclusorily that BANA acted in bad faith, in violation of MCA §§ 30-14-103, 104. Construed liberally, the bad faith claim may allege inadequate or misleading disclosures at the loan closing, implicating the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. As discussed above, that claim is barred by the statute of limitations. 15 U.S.C. § 1640(e); 12 U.S.C. § 2614.

### B. TILA

Mr. Rasmussen asserts that BANA failed to provide him proper required disclosures or gave him misleading information when he closed on the mortgage loan, in violation of the Truth in Lending Act. C.D. 15, ¶¶ 31-35. As discussed above, that claim is barred by the one-year statute of limitations. 15 U.S.C. § 1640(e).

### C. Declaratory judgment

Mr. Rasmussen attempts to invoke the declaratory judgment power bestowed on the Court by Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. He seeks a judgment that the foreclosure was illegal and invalid because BANA allegedly failed to provide

him with required notices of the pending foreclosure, in violation of with the provisions of MCA §§ 71-1-313 and 71-1-315. C.D. 15, p. 5.

District courts have substantial discretion in deciding whether to declare the rights of litigants. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007); Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998). In circumstances nearly identical to those presented here, several courts have dismissed actions for declaratory judgments. Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 696 (E.D. Va. 2010) aff'd, 441 F. App'x 166 (4th Cir. 2011) (declaratory judgment inappropriate because "any wrong Plaintiffs suffered as a result of the allegedly deficient foreclosure has already occurred."); Williamson v. Sacramento Mortg., Inc., 2011 WL 4591098 (E.D. Cal. Sept. 30, 2011) (holding declaratory judgment unavailable to determine validity of completed foreclosure because declaratory judgment is intended to guide parties' future conduct).

Here, too, Mr. Rasmussen seeks a determination as to the validity of his foreclosure. C.D. 15. That foreclosure is already complete. C.D. 11. A declaratory judgment could not guide the parties as to their future rights, and is therefore not appropriate in this case. Tapia, 718 F.Supp at 696.

Even if the Court were to consider declaratory relief in regard to a completed foreclosure, Mr. Rasmussen's proposed allegations would be subject to dismissal for failure to state a claim.

Mont. Code Ann. § 71-1-313 provides: "The trustee may foreclose a trust indenture by advertisement and sale . . . if:

> (1) the trust indenture, any assignments of the trust indenture . . . and any appointment of a successor trustee are recorded in the office of the clerk and recorder of each county in which the property . . . is situated;
>
> (2) there is a default by the grantor . . . , the performance of which is secured by the trust indenture, with respect to any provision in the indenture which

authorizes sale in the event of default of such provision; and

(3) the trustee or beneficiary shall have filed for record in the office of the clerk and recorder in each county where the property described in the indenture or some part thereof is situated a notice of sale (describing certain details of the proposed sale)"

Additional notification requirements are described in MCA § 71-1-315, requiring a Notice of Trustee's Sale to be sent to the grantor, posted on the property to be sold, and published in a newspaper.

In considering a motion to dismiss for failure to state a claim, a court may take into account matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Fed. R. Evid. 201 permits a court to take judicial notice of matters of public record. Kenneally v. Bank of Nova Scotia, 711 F.Supp.2d 1174 (S.D.Calif.2010) (taking judicial notice of public records in consideration of a Motion to Dismiss).

BANA has provided copies of those documents required by the Montana Small Tract Financing Act, with documentation of their proper recording prior to the foreclosure at issue. C.D. 20-4 through 2-6. Mr. Rasmussen did not reply to BANA's motion, admitting it is well taken. L.R. 7.1(d)(1)(b). The court takes judicial notice of exhibits CD 20-4 through 20-6, the notices filed by BANA. The publicly recorded foreclosure notices demonstrate that BANA properly filed notice of the foreclosure; Mr. Rasmussen's bald conclusory assertions to the contrary lack plausibility and therefore fail to even state a viable claim. Iqbal, 556 U.S at 678. Because the Complaint, as amended, would be subject to dismissal, leave to amend should not be granted. Moore, 855 F.2d at 538.

Alternatively, Mr. Rasmussen's pursuit of a declaratory judgment should be dismissed on jurisdictional grounds. This action was removed to federal court on

the basis of federal question jurisdiction. C.D.1. A district court with original jurisdiction over some claims may exercise supplemental jurisdiction over related claims. 28 U.S.C. § 1367(a). However, a court may decline to exercise this jurisdiction. 28 U.S.C. § 1367(c). Here the only allegations that invoke federal question jurisdiction are recommended for dismissal. The court should decline to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3).

### D. Breach of Contract

Mr. Rasmussen asserts that BANA breached its contract with him by failing to provide notice of default or opportunity to cure his default. C.D. 15, ¶¶ 37-40. Mr. Rasmussen does not claim that he was actually unaware of his default. Id. Nor does he suggest that he had either the means or inclination to cure the default had he received additional notice. Id.

BANA has provided copies of default notice letters sent to Mr. Rasmussen in 2008 and 2009. C.D. 20-7. A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Mr. Rasmussen's proposed Amended Complaint refers to and necessarily relies on the allegedly deficient notices of default. C.D. 15, ¶¶ 37-41. The Court can consider those notices. BANA has supplied them to the Court and the Court has taken judicial notice. Mr. Rasmussen put them at issue and has not replied to BANA's motion or otherwise contested the authenticity of the notice letters. See Clerk's Docket. Therefore BANA's Ex. G may be considered in a motion to dismiss for failure to state a claim. Parrino, 146 F.3d at 706. The letters provided by BANA indicate that Mr. Rasmussen was properly notified of his default and the pending foreclosure well in advance. C.D. 20-7. Bare assertions to

the contrary lack plausibility and therefore fail to state a viable claim. Iqbal, 556 U.S at 678.

Even if the Complaint presented a conceivable cause of action for breach of contract under Montana law, it should be dismissed on jurisdictional grounds. This action was removed to federal court on the basis on federal question jurisdiction, under 28 U.S.C. § 1331. C.D.1. The only assertions creating federal question jurisdiction are recommended for dismissal, as discussed above. While the court may exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a), it should decline to do so where all federal law claims are dismissed. 28 U.S.C. § 1367(c)(3).

## Conclusion

The assertions in Mr. Rasmussen's Complaint are either moot or barred by the statutes of limitation. Therefore the Complaint fails to state a claim on which relief can be granted. His proposed amendments present the same time-barred federal law issues, along with state law claims that neither state plausible claims nor establish federal question jurisdiction. Thus, amendment would be futile.

It is RECOMMENDED:

1. Defendant BANA's Motion to Dismiss for Failure to State a Claim, C.D. 4, should be granted.

2. Plaintiff Thomas Rasmussen's Motion for Leave to Amend Complaint should be denied as futile because the Complaint, as amended, would be subject to dismissal for failure to state a claim on which relief can be granted.

3. Alternatively, Plaintiff Thomas Rasmussen's Motion for Leave to Amend Complaint should be denied should be denied as futile because the Complaint, as amended, would be subject to dismissal for lack of subject matter jurisdiction.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Dated this 15th day of October, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge