**FILED**

JAN 28 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| THOMAS RASMUSSEN, | ) | CV 12-57-H-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| successor by merger to BAC HOME | ) | |
| LOANS SERVICING, LP, and | ) | |
| RECONSTRUCT COMPANY, N.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court are the Findings and Recommendations of United States Magistrate Judge Keith Strong recommending that Plaintiff's Complaint be dismissed for failure to state a claim. Judge Strong found that each of Rasmussen's claims is moot or barred by the statute of limitations.

Plaintiff Thomas Rasmussen is entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Findings and recommendations to which he did not object are reviewed for clear error. *Id.*

1.  **The authority of a magistrate judge to issue findings and recommendations**

Rasmussen continues to insist that Judge Strong lacked jurisdiction to issue Findings and Recommendations. This objection has already been addressed (doc. 26). To the extent that the continued objection can be construed as a motion for reconsideration, it is denied. Neither the facts nor applicable law are materially different than they were when the order was issued in December.

2.  **The Court's power in equity to set aside a foreclosure proceeding**

In his proposed amended complaint, Rasmussen urges the Court to declare that the foreclosure of his property was "invalid and illegal" due to violations of the Montana Small Tract Financing Act, including Mont. Code Ann. §§ 71-1-313 and -315. However, Judge Strong properly took judicial notice of the duly recorded public documents submitted by Defendants (docs. 20-1 through 20-5). *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). These documents are prima facie evidence of the Defendants' compliance with the Act. Mont. Code Ann. § 71-1-318(2). In light of them, Rasmussen's bald, conclusory assertions that he received no notices lack plausibility and fail to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Judge Strong correctly determined that there are no equitable grounds to set aside the foreclosure proceeding.

3.  **Truth in Lending claims**

In his objections, Rasmussen argues that the statutes of limitations for his Truth in Lending claims were equitably tolled because Defendants "engaged in fraud and intentional concealment to induce Plaintiff into loan obligations and to prevent Plaintiff from exercising proprietary rights afforded him under the law." (Doc. 27 at 3.) Equitable tolling does not apply to claims for rescission under 15 U.S.C. § 1635(f). *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *Taylor v. Money Store*, 42 Fed. Appx. 932 (9th Cir. 2002) (unpublished). Although equitable tolling does apply to claims under 15 U.S.C. § 1640(e), *King v. Cal.*, 784 F.2d 910, 915 (9th Cir.1986), it is not appropriate here. Equitable tolling is only appropriate "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Socop–Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (internal quotation and alterations omitted)). Rasmussen has made no showing of due diligence to discover the contents of his loan documents, and the default interest rate was explicitly disclosed in the Note that Rasmussen signed at closing. Moreover, he has failed to state sufficient facts to support his conclusory allegations of fraud and concealment. Neither Rasmussen's Complaint nor proposed amended complaint allege facts that would support tolling the statute of limitations.

### 4. Unfair Trade Practices claim

Rasmussen contends that his claim under the Unfair Trade Practices Act, Mont. Code Ann. §§ 30-14-103 and 104, should not be construed to implicate the Real Estate Settlement Procedures Act, but should be considered independently. Either way, the claim is barred by the statute of limitations. A two-year statute of limitations applies to claims brought under the Montana Unfair Trade Practices Act. Mont. Code Ann. § 27-2-211; *Osterman v. Sears, Roebuck, & Co.*, 80 P.3d 435, 441 (Mont. 2003). The Complaint and proposed amended complaint fail to allege sufficient facts to support the allegation that Defendants took affirmative action to prevent Rasmussen from discovering the injury, and there is no indication Rasmussen used reasonable diligence to discover his claim. Thus, the statute of limitations has run under both the Unfair Trade Practices Act and the Real Estate Settlement Procedures Act.

### 5. Breach of contract

Defendants provided the Court copies of default notice letters sent to Rasmussen in 2008 and 2009. (Doc. 20-7). Rasmussen failed to reply to the brief or contest the authenticity of these documents, and his complaint necessarily relies on them. Thus, Judge Strong properly took judicial notice of the notices. In his objections, however, Rasmussen claims that he never received these notices, so the Court will not take judicial notice of them.

Nonetheless, the Court agrees with Judge Strong that even if the Court were to allow Rasmussen leave to amend and thus raise a breach of contract claim, it would be proper for the Court to decline to exercise supplemental jurisdiction over Rasmussen's state law claim. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). This is true especially when, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain[.]" *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). This case is still in its early stages and has not progressed to the merits of the claims. Though it was removed to this court because of the federal claims, the Court no longer has original jurisdiction over any claim, and Rasmussen may raise a breach of contract claim in state court.

## II.

There is no clear error in Judge Strong's remaining findings and recommendations. Rasmussen has not stated a plausible claim for declaratory relief from the foreclosure sale and each of the other claims in the Complaint are time-barred. Rasmussen's motion to amend is denied as futile because none of the proposed amendments state a plausible claim, with the possible exception of his breach of contract claim, over which the Court would decline to exercise

supplemental jurisdiction.

Accordingly, IT IS ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 24) are ADOPTED.

2. Defendant Bank of America N.A.'s Motion to Dismiss Plaintiff's Complaint for failure to state a claim (doc. 4) is GRANTED. The Complaint is DISMISSED with prejudice.

3. Plaintiff Thomas Rasmussen's Motion for Leave to Amend Complaint (doc. 15) is DENIED as futile because the Complaint, as amended, would be subject to dismissal for failure to state a claim on which relief can be granted, and the Court would decline supplemental jurisdiction over any state law claims.

4. The Clerk is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Dated this 28th day of January 2013.

Dana L. Christensen, District Judge
United States District Court